UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KIM J. COOLEY** | **CIVIL ACTION** |
| **VERSUS** | **NO: 08-0774-ILRL-SS** |
| **ST. BERNARD PARISH BUREAU OF PRISONS, et al** | |

**REPORT AND RECOMMENDATION**

Before the undersigned is the motion of the defendant, United States Marshals Service ("Marshals Service"), to dismiss the complaint of the plaintiff, Kim J. Cooley ("Cooley"), or in the alternative for summary judgment. The motion was referred to the undersigned. For the reasons described below, it is recommended that the motion of the Marshals Service be granted and that Cooley's claims against the Marshals Service be dismissed for lack of subject matter jurisdiction.

BACKGROUND

On January 21, 2005, a judgment of conviction was entered against Cooley on two counts of identity theft, 18 U.S.C. 1028(a)(7).[1] He was sentenced to three years on each count with the terms to be served concurrently. The District Judge recommended that Cooley be placed in a mental health facility. He was remanded to the custody of the United States Marshal. On May 27, 2005, he was delivered to the Federal Medical Center in Lexington, Kentucky. CR 03-292, Rec. doc. 57.

Prior to his transport to Lexington, Cooley was housed at the St. Bernard Parish prison. From March 17, 2005 to April 7, 2005, he was in the LSU Medical Center in New Orleans for treatment related to a pulmonary embolism and possible brain tumor or cancer. Rec. doc. 16 at 26-27.

---

[1] United States of America v. Kim Cooley, CR 03-292-SRD, Rec. doc. 57.

On January 28, 2008, Cooley tendered for filing a *pro se* complaint against Ramone J. Fajardo and Craig Mathis for legal malpractice. He sought damages for pain and suffering and the recovery of what he would have received if the defendants had performed their duties.[2] Attached to a one page cover sheet are: (1) a complaint of discrimination to the NAACP against the St. Bernard Parish prison and an unidentified lawyer in Georgia; and (2) a complaint to the ACLU regarding Ramon Fajardo, who is described as a Georgia lawyer.[3]

The NAACP complaint contains an account of an incident which allegedly occurred in February, 2005, while Cooley was in the St. Bernard Parish jail. It refers to an attack on Cooley by another inmate; it describes injuries received in the attack; and the treatment received for the injuries. CA 08-773, Rec. doc. 1. The ACLU complaint alleges that Cooley hired Fajardo to represent him but the lawyer allowed the statute of limitations to run on his claims without filing suit. Id.

On January 31, 2008, Cooley filed the *pro se* complaint in this action against St. Bernard Parish and the Marshals Service.[4] It seeks monetary damages for negligence, pain, suffering and paralysis. Attached to a one page form are the complaint of discrimination to the NAACP and the complaint to the ACLU which were attached to the complaint against Fajardo and Mathis.

---

[2] Kim J. Cooley v. Ramone J. Fajardo and Craig Mathis, 08-773-MVL, Rec. doc. 1.

[3] Fajardo and Mathis denied the allegations and raised jurisdictional defenses. 08-773, Rec. docs. 7-8.

[4] Kim J. Cooley v. St. Bernard Parish, et al, CA 08-774-ILRL-SS, Rec. doc. 1. It is not clear whether Cooley is attempting to name the Bureau of Prisons as a defendant. The Clerk identified two defendants which it refers to as St. Bernard Parish Bureau of Prisons and U.S Marshal Service/BOP. The motion to dismiss was filed on behalf of the United States Marshals Service.

MOTION TO DISMISS

On June 10, 2008, the Marshals Service filed a motion to dismiss. It contends that the Court lacks subject matter jurisdiction over Cooley's complaint. It assumes that Cooley is asserting a claim under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671. Before a claimant can make such a claim in federal court, the claimant must file an administrative claim with the appropriate agency. 28 U.S.C. § 2675(a). It contends that Cooley did not present the Marshals Service with an administrative claim. It provided an affidavit from the General Counsel for the Marshals Service who reports that: (1) his office is the custodian of agency records relating to the filing of administrative claims under the FTCA; and (2) a review of his office's records on FTCA claims did not reveal any such claim by Cooley. Rec. doc. 13 (Exhibit A).

Cooley filed a response in which he states that: (1) he filed a complaint against the Marshals Service; (2) due to the negligence of the defendants he lost the use of his right hand and arm and is confined to a wheelchair; (3) he seeks monetary damages; and (4) he is not able to hire a lawyer. Rec. doc. 16. The documents submitted with the opposition reveal that:

1. On September 27, 2005, he completed a form to U.S. Department of Justice - Federal Bureau of Prisons in which he alleged he was filing a claim for $15 million for damages caused by an attack by an inmate and inadequate medical care. Rec. doc. 16 at 13.

2. On September 29, 2005, he completed a similar form ("Request for Administrative Remedy"), which was assigned a case number and marked received on October 7, 2005. Id. at 8.

3. On October 7, 2005, a warden responded that, "[y]our request for monetary damages

3

   needs to be addressed via the Federal Tort Claims Act. This form may be obtained by submitting a request to the Safety Department." Id. at 6.

4. On October 26, 2005, Cooley completed a "Regional Administrative Remedy Appeal" form. Id. at 23.

5. On November 21, 2005, a regional director completed a response. Cooley's allegations and medical records were summarized. It was noted that because of Hurricane Katrina all records maintained at the St. Bernard Parish facility were destroyed, and therefore Cooley's allegations concerning the medical care at that facility could not be investigated. Cooley was again told that the "Administrative Remedy Program" did not address compensation for pain and suffering. He was referred to the FTCA. His appeal of the warden's response was denied. Id. at 26-27.

6. On December 15, 2005, Cooley completed a "Central Office Administrative Remedy Appeal" form. Id. at 18.

7. On December 22, 2005, the Central Office Appeal was rejected. Id. at 10.

8. On January 7, 2006, Cooley sent a letter to the General Counsel for the Bureau of Prisons transmitting a copy of a document. Id. at 11.

9. On January 8, 2006, Cooley made a request concerning the mail delivery of the rejection, dated December 22, 2005, by the Central Office Appeal. Cooley referred to the appeal as "concerning my tort claim against the BOP." Id. at 9.

10. On February 1, 2006, the Administrative Remedy Coordinator for the Central Office acknowledged the receipt of the Central Office Appeal. Id. at 7.

11.  On February 21, 2006, the Administrator for National Inmate Appeals, referred to Cooley's appeal. It was noted that the Administrative Remedy was not the appropriate forum for seeking damages. Cooley was instructed to pursue a claim under FTCA. Id. at 5.

## ANALYSIS

The Marshals Service filed a motion to dismiss for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1), and, alternatively, for summary judgment. Both the Marshals Service and Cooley submitted documents outside of the pleadings. When the challenge is to the substance of the jurisdictional allegations, the parties may use additional matter to support or contradict the motion. 5B Wright and Miller, Federal Practice and Procedure §1350 (3rd ed. 2004).

> Regardless of the character of the Rule 12(b)(1) motion, it is well-settled that the complaint will be construed broadly and liberally, in conformity with the general principle set forth in Rule 8(f), particularly when it is presented by a litigant who is proceeding pro se, but because of the importance of the issue to the federal judicial system, argumentative (as opposed to reasonable) inferences favorable to the pleader will not be drawn and conclusory allegations or conclusions of law will not be credited.

Id. at 180-85 (footnotes omitted).

The Marshals Service correctly construes Cooley's claim as a claim for compensation under the FTCA. As it demonstrates, before Cooley can make such a claim in federal court, he must file an administrative claim with the appropriate agency. 28 U.S.C. § 2675(a). The Marshals Service demonstrates that he has not filed a claim with it.

Cooley's opposition does not contradict the Marshals Service. Instead, it confirms that while Cooley pursued an administrative remedy relating to his medical care, he was informed in writing on three separate occasions that any claim for compensation must be pursued through the FTCA.

Cooley was not ignorant of the prerequisites for a compensation claim relating to the events in March, 2005, in the St. Bernard Parish prison. He has not presented any evidence contradicting the affidavit of the general counsel for the Marshals Service that there is no record of a FTCA claim by Cooley with the Marshals Service.

## RECOMMENDATION

IT IS RECOMMENDED that: (1) the motion of the Marshals Service to dismiss for lack of subject matter jurisdiction (Rec. doc. 13) be GRANTED; and (2) the claims against the Marshals Service be dismissed without prejudice.

## OBJECTIONS

A party's failure to file written objections to the proposed findings, conclusions and recommendations in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 13th day of June, 2008.

**SALLY SHUSHAN**
**U.S. MAGISTRATE JUDGE**